UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01605-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANT DOE 1 AND PLAINTIFF'S EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS AGAINST DEFENDANT DOE 1, AND THAT ALL OTHER CLAIMS BE DISMISSED<br><br>(ECF No. 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Abonilico Carroll ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 18, 2021. (ECF No. 1).

On November 30, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 10). The Court gave Plaintiff thirty days to either:

1

"a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 9).

On January 3, 2022, Plaintiff filed his First Amended Complaint. (ECF No. 11). Plaintiff alleges that he is on heat medication that requires a cool environment, cool water, and ventilation. However, he was forced to stay in his cell and not allowed to participate in program activities in his building, even though it was hotter in his cell than it was outside.

The Court has reviewed the First Amended Complaint, and for the reasons described below, will recommend that this action proceed on Plaintiff's Eighth Amendment conditions of confinement claim against defendant Doe 1 and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant Doe 1 (Defendant Doe 1 is a floor officer on second watch in Building 1 on "A" facility at North Kern State Prison).[1] The Court will also recommend that all other claims be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

---

[1] Plaintiff is advised that defendant Doe 1 cannot be served until Plaintiff has identified defendant Doe 1 and filed a motion to substitute, or amended his complaint to substitute, the named defendant in place of defendant Doe 1. For service to be successful, the Court and/or the United States Marshal must be able to identify and locate the defendant to be served. Plaintiff will be required to identify defendant Doe 1 as the litigation proceeds. If these findings and recommendations are adopted, the Court will authorize the issuance of a subpoena to the California Department of Corrections and Rehabilitation so that Plaintiff can seek document(s) that identify defendant Doe 1.

determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his First Amended Complaint:

Defendant John Doe 1, a floor officer on second watch in Building 1 on "A" facility, denied Plaintiff his program after the heat alert was announced. Plaintiff asked defendant Doe 1 on several occasions if he could have his program activity in the building since there was a heat alert for outside activity and Plaintiff had been recalled to the building. Plaintiff was told no and to go lock up or else he would be given a Rules Violation Report. Plaintiff asked this officer to call his Sergeant, since it was hotter in the cell than it was outside and Plaintiff is on heat medication that requires a cool environment, cool water, and ventilation.

Plaintiff was purposefully denied by defendants John Doe 1, John Doe 2, and John Doe 3. They kept Plaintiff isolated and discriminated against Plaintiff for several months ("like the whole summer"). Plaintiff suffered from depression, heat exhaustion, mental anguish, and

3

emotional distress.  The more Plaintiff complained about it the more he was isolated and discriminated against.  This went on for several months.

Other inmates received this type of treatment as well.  Plaintiff was the one that exposed these rogue correctional officers for their misconduct.  Other inmates were scared and feared retaliation if they filed complaints.  But Plaintiff was not because he knew he was being deprived of his program activity in the day room, which he was entitled to pursuant to policy.  Plaintiff was deliberately deprived of that program and purposely isolated in a hot cell on heat meds.  Defendants John Doe 1, John Doe 2, and John Doe 3 would not give Plaintiff any program or call the sergeant to make their supervisors aware of the discrimination and isolation.

Plaintiff brings an Eighth Amendment cruel and unusual punishment claim.[2]

### III.     ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

####     A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the

---

[2] The Court previously provided Plaintiff with the legal standards for an equal protection clause claim (ECF No. 10, pgs. 7-8), but Plaintiff does not bring any such claim.

Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed]

a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are

critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that he asked defendant Doe 1 on several occasions if he could have his program activity in the building since there was a heat alert for outside activity and Plaintiff had been recalled to the building. Plaintiff was told no and to go lock up or else he would be given an RVR. Plaintiff asked this officer to call his Sergeant, since it was hotter in the cell than it was outside, and Plaintiff is on heat medication that requires a cool environment, cool water, and ventilation.

Liberally construing Plaintiff's complaint, the Court finds that Plaintiff sufficiently alleges that defendant Doe 1 knew that the heat posed an excessive risk to Plaintiff's health and that defendant Doe 1 did nothing, thus disregarding the risk. Accordingly, the Court will recommend that this claim be allowed to proceed past screening.

As to the rest of the defendants, the Court will recommend that they be dismissed. In screening Plaintiff's original complaint, the Court noted that "[i]nstead of alleging what each correctional officer did, Plaintiff groups them all together.... Plaintiff does not allege when each officer was told that Plaintiff should not be locked up in a hot cell, how many times each officer was informed of this, or how each officer had an opportunity to remedy the situation but failed to do so." (ECF No. 10, p. 6).

As to defendants Doe 2, Doe 3, and the Warden, Plaintiff's amended complaint suffers from these same defects. Defendant Doe 2 and defendant Doe 3 are only mentioned together, and in conjunction with defendant Doe 1. Plaintiff fails to include any allegations regarding what he told defendants Doe 2 and 3, or when. Additionally, Plaintiff lists the Warden as a defendant, but there are no factual allegations regarding anything the Warden did or did not do. Thus, Plaintiff does not sufficiently allege that defendant Doe 2, defendant Doe 3, or the Warden knew of and disregarded an excessive risk to Plaintiff's health or safety. Accordingly,

Plaintiff fails to state a claim against defendants Doe 2, Doe 3, and the Warden.

### C. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at

106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Because Plaintiff alleges that his health was put at risk and that defendant Doe 1 disregarded that risk, because Plaintiff alleges that this risk occurred due to a medication he was taking, because Plaintiff does not specify whether he is bringing a conditions of confinement claim or a claim for deliberate indifference to his serious medical needs, and in an abundance of caution, the Court will also allow an Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs against defendant Doe 1 to proceed past screening.

## IV.   CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court has screened the First Amended Complaint and finds that Plaintiff's Eighth Amendment conditions of confinement claim against defendant Doe 1 and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant Doe 1 should proceed past screening (defendant Doe 1 is a floor officer on second watch in Building 1 on "A" facility at North Kern State Prison). The Court also finds that all other claims should be dismissed.

The Court will not recommend that further leave to amend be granted. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order. While Plaintiff cured some of the deficiencies identified by the Court, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This case proceed on Plaintiff's Eighth Amendment conditions of confinement claim against defendant Doe 1 and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant Doe 1; and
2. All other claims be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:     **March 30, 2022**                         /s/ Erica P. Grosjean
                                                                          UNITED STATES MAGISTRATE JUDGE